| 96 | 537 |
| f104 | 167 |

EASTERN MANUFACTURING COMPANY

*vs.*

CAMDEN LUMBER COMPANY.

Knox.    Opinion September 8, 1902.

*Trover.    Pleading.    Description of property.*

"One thousand logs, spruce, pine and hemlock, all duly branded with the private marks of said plaintiff, of the value of one thousand dollars," is a sufficiently particular description in a declaration in trover.

Exceptions by plaintiff.    Sustained.

Trover for logs.

Defendant demurred specially to the declaration "because . . . the property mentioned is not described with sufficient particularity."

The presiding justice sustained the demurrer and plaintiff alleged exceptions.

The opinion states the case.

*Reuel Robinson*, for plaintiff.

*J. H. Montgomery*, for defendant.

The declaration does not state the number of spruce, or the number of hemlock logs.

The values of the different kinds of logs are not stated.    The value of all the logs is lumped at one thousand dollars.

The declaration states the logs are branded with the private marks of the plaintiff, implying that there are many marks of plaintiff.

It is a well known fact that spruce, pine and hemlock logs, each have a different value.    The declaration leaves the quantity and value of the different articles entirely uncertain.    They may be nearly all spruce.    They may be nearly all pine.

Counsel cited *Edgerly* v. *Emerson*, 23 N. H. 555.

SITTING: WISWELL, C. J., SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SAVAGE, J. Trover. The declaration described the property converted as "one thousand logs, spruce, pine and hemlock, all duly branded with the private marks of said plaintiff, of the value of one thousand dollars." The defendant has demurred specially, and claims that the property is not described with sufficient particularity. We think otherwise.

In trover, the property converted should be described with reasonable certainty, in order that the jury may know what is meant, and the defendant protected against another suit for the same cause of action. But a very general description is sufficient. The particularity required in detinue or replevin is unnecessary, for in those actions the things themselves are recoverable, while in trover only damages can be recovered. *Stinchfield* v. *Twaddle*, 81 Maine, 273; *Edgerly* v. *Emerson*, 23 N. H. 555; *Colebrook* v. *Merrill*, 46 N. H. 160; 26 Am. & Eng. Ency. of Law (1st Ed.) p. 805.

It can hardly be doubted that the description "one thousand logs," without qualification, would be sufficiently certain, in trover. The addition of the words, "spruce, pine and hemlock" does not make the description less certain. In reality these words make it more certain, for they limit the logs to spruce, pine and hemlock, and exclude all others. Upon trial the plaintiff would be limited to proof of logs of the kinds described. *Ewell* v. *Gillis*, 14 Maine, 72. The presiding justice at nisi prius should have overruled the demurrer.

*Exceptions sustained. Demurrer overruled.*